UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BF PARTNERS, LLC,

       Plaintiff,

v.

ESTATE OF BERNICE MCSORLEY,
deceased, FIDELITY GUARANTEE
MORTGAGE CORPORATION,
GOVERNMENT NATIONAL MORTGAGE
ASSOCIATION, DAN BANCROFT,
RICK FITCH and DONNA FITCH,

       Defendants.
_____/

File No.  1:03-CV-353

HON. ROBERT HOLMES BELL

GOVERNMENT NATIONAL MORTGAGE
ASSOCIATION,

       Defendant/Counter-Plaintiff,

v.

BF PARTNERS, LLC,

       Plaintiff/Counter-Defendant,

and MICHIGAN DEPARTMENT OF
TREASURY,

       Counter-Defendant.
_____/

**MEMORANDUM  OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Reopen the Case, which was filed on August 22, 2006. On June 6, 2005 the Court issued an order granting Government National Mortgage Association's (GNMA) motion for summary judgment on Plaintiff's claim and GNMA's counterclaim. (June 6, 2005 Order, Docket #52, at 2.) In that same Order the Court also dismissed this case "in its entirety." (*Id.*) Plaintiff now seeks to have the case reopened.[1] Plaintiff alleges that the Court erred in dismissing the case in its entirety and that Plaintiff's claim against the Estate of Bernice McSorley was not resolved by the Court's June 6, 2005 Order. For the reasons stated below, the Court denies Plaintiff's Motion to Reopen the Case.

I.

Plaintiff filed the matter before the Court as a Motion to Reopen the Case, but did not specify that the motion was made pursuant to any specific provision of the Federal Rules of Civil Procedure. The Court construes Plaintiff's motion as a motion under Rule 60(b)(1). Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." FED. R. CIV. P. 60(b)(1). The mistakes cognizable under Rule 60(b)(1) include errors made by the Court. *Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir. 1983); *In re 310 Assocs.*,

---

[1] GNMA consents to the Motion to Reopen the Case. (Pl.'s Mot. to Reopen Case, Docket # 53, at 3.)

346 F.3d 31, 35 (2d Cir. 2003). Plaintiff alleges that Plaintiff's claim "against the Bernice McSorley Estate was still pending" on June 6, 2005 when the Court dismissed the case in its entirety. (Pl.'s Mot. to Reopen Case 2.). Plaintiff alleges that it was therefore an error for the Court to dismiss the case in its entirety. Plaintiff's motion is properly analyzed as one made under Rule 60(b)(1) because Plaintiff seeks relief from the June 6, 2005 Order based on an error alleged to have been made by the Court.

A motion made pursuant to Rule 60(b)(1) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b)(1). The Order from which Plaintiff seeks relief was entered on June 6, 2005. Plaintiff did not file the Motion to Reopen the Case until August 22, 2006. Plaintiff's motion was filed over fourteen months after the entry of the Court's Order, therefore Plaintiff's motion is untimely.

Plaintiff's motion cannot be construed as a motion under Rule 60(b)(6), to which the one year time limitation does not apply. "[A] party may 'not avail himself of the broad 'any other reason' clause of 60(b)' if his motion is based on grounds specified in clause (1) – 'mistake, inadvertence, surprise, or excusable neglect.'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988) (quoting *Klapprott v. United States*, 335 U.S. 601, 613 (1949)). Plaintiff's motion is properly construed as being made under Rule 60(b)(1) and is therefore barred from being considered under Rule 60(b)(6).

Finally, Plaintiff's motion does not make a claim that would permit consideration independent of Rule 60(b). Other than through the procedures established in Rule 60(b),

relief from a judgment or order can only be obtained through: an independent action in equity, statutory procedures or the Court's inherent power to set aside a judgment for fraud upon the Court.  FED. R. CIV. P. 60(b);  12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.40 (3d ed.).  Plaintiff has not made any allegation about a fraud upon the Court, so invocation of the Court's inherent power to set aside judgments in such circumstances is not applicable.  As such, the only permissible framework for analyzing Plaintiff's motion is Rule 60(b)(1).  Under Rule 60(b)(1) Plaintiff's motion is untimely.

II.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen the Case (Docket # 53) is **DENIED.**


Date:   November 2, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE